### 31263. WELLS *v.* THE STATE.

GARDNER, J. (a) The defendant was convicted in the Criminal Court of Fulton County of assault and battery. He obtained a writ of certiorari to the Superior Court of Fulton County. The certiorari was denied, and on this judgment he assigns error. The evidence is gruesome, and amply sufficient to sustain the verdict on the general grounds.

(b) The only special ground assigns error because the trial judge did not instruct the jury on the principle of law regarding circumstantial evi-

dence. The conviction did not depend wholly upon circumstantial evidence. The victim of the assault and battery was a four-year-old girl. The mother, with this child and the younger infant, resided with her husband on the same floor in a hotel where the defendant also resided in another room. There was a public toilet adjoining the room of the mother. The mother put her two small children to bed and stepped downstairs to make a telephone call. Not being able to obtain the party she was calling, she returned to her room in about four minutes. As she walked toward her room she heard the four-year-old child crying. Upon entering her room the child was not in the room. She then went to the bathroom, pushed open the door and observed the defendant sitting on the toilet with her child between his knees, with the child's petticoat pulled up and her pantlets down and the defendant's arms around the child. The mother took the child to her room. The child immediately told the mother, "He hurt me." The mother, upon examination of the child, found blood around the private parts of the child. A doctor testified as to bruises and abrasions on the person of the child when he examined her several hours later. It is therefore not difficult to conclude that the evidence was more direct than circumstantial. The court therefore did not err in denying the certiorari.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED JUNE 13, 1946.

John F. Echols, for plaintiff in error.

Lindley W. Camp, Solicitor, E. E. Andrews, Solicitor-General, D. T. Pye, contra.